**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DISH NETWORK LLC; ECHOSTAR
TECHNOLOGIES LLC; and
NAGRASTAR LLC,

        Plaintiffs,

v.                                                                    Case No. 6:15-cv-789-Orl-37DAB

JUAN ALBORNOZ,

        Defendant.

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

This cause is before the Court on the parties' Stipulation for Entry of Final Judgment and Permanent Injunction (Doc. 14), filed July 14, 2015. Upon consideration, the Court **APPROVES** the stipulation and **ORDERS** as follows:

1. Judgment is entered for Plaintiffs DISH Network LLC, EchoStar Technologies LLC, and NagraStar LLC (collectively, "DISH Network") on Count I of the Complaint alleging violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1); Count II alleging violations of the Federal Communications Act, 47 U.S.C. § 605(a); and Count III alleging violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520.  The Court is informed that DISH Network and Defendant Juan Albornoz ("Defendant") have agreed to a confidential settlement sum, and therefore no damages are awarded in this judgment.

2. Defendant, and any person acting in active concert or participation with Defendant that receives actual notice of this order, is hereby

**PERMANENTLY ENJOINED** from:

a. circumventing or assisting others in circumventing DISH Network's security system without authorization, or otherwise intercepting or assisting others in intercepting DISH Network's satellite signal without authorization;

b. testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from DISH Network's satellite receivers, smart cards, satellite data stream, or any other part or component of the DISH Network security system for the purpose of performing acts that are prohibited by 17 U.S.C. § 1201(a), 47 U.S.C. § 605(a), or 18 U.S.C. §§ 2511(1)(a) or 2520.

3. This permanent injunction takes effect immediately.

4. Each party is to bear its own attorney's fees and costs.

5. The Court retains jurisdiction over this action for a period of two years for the purpose of enforcing this final judgment and permanent injunction.[1]

6. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 22, 2015.



ROY B. DALTON JR.
United States District Judge

---

[1] For clarity, the Court retains jurisdiction only for the limited purpose of enforcing the permanent injunction set forth in this final judgment. The Court declines to retain jurisdiction to enforce any other terms of the parties' confidential settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Copies:

Counsel of Record